UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES EDWARD SCRIVENS,

                Petitioner,

vs.                              Case No. 2:02-cv-479-FtM-29SPC

STATE OF FLORIDA, ROBERT BUTTERWORTH,

                Respondents.
_____

**ORDER**

     This matter comes before the Court on petitioner's Motion for Reconsideration Under Civil Procedure Rule 60(b) and 59(e), Relief From Judgment or Order, Citing the Recent Supreme Court Ruling in Gonzalez v. Crosby No. 04-6432 (citation omitted) Decided June 23, 2005 Stating That All 60(b) Motion is Not Equivalent of a Successive Habeas Petition (Doc. #32), filed on July 11, 2005.

     On June 12, 2003, the Court entered an Order of Dismissal With Prejudice (Doc. #16) finding that petitioner was no longer in custody and could not pursue § 2254 relief; and construing the § 2254 as a § 2255 to the extent that the state conviction challenged enhanced his federal sentence. Having construed the motion as a § 2255, the Court found that petitioner's previously filed § 2255 was denied on April 23, 2003, and therefore, as construed, the motion was successive. The petition was dismissed with prejudice. On November 12, 2003, the Court denied petitioner's Motion Under Federal Rule of Civil Procedure Rule 59(e) to Alter or Amend

Judgment. (See Doc. #21). Petitioner filed a Notice of Appeal (Doc. #22). On June 8, 2004, the Eleventh Circuit denied the certificate of appealability and the case was closed.

Under Fed. R. Civ. P. 59(e), "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Petitioner's request for reconsideration, if considered a request to alter or amend the judgment, would be untimely under Rule 59(e) and therefore denied.

Under Fed. R. Civ. P. 60(b), a motion for reconsideration "shall be made within a reasonable time, and for . . . [mistake, inadvertence, surprise, or excusable neglect] not more than one year after the judgment, order, or proceeding was entered or taken." Even if the Court were to consider the date the Eleventh Circuit terminated the appeal, more than one year has passed and any request for reconsideration would be untimely.

In the alternative, even if the request were to be construed as timely, petitioner would fail on the merits. Under Gonzalez v. Crosby, 125 S. Ct. 2641 (2005), a request for reconsideration challenging procedural issues and raising no substantive claims is not necessarily a successive habeas petition. In this case, the Court denied a § 2254 petition, construed as a § 2255, as successive. The Court did not construe petitioner's later filed motion to alter or amend the judgment as a successive petition.

Accordingly, it is now

**ORDERED:**

Petitioner's Motion for Reconsideration Under Civil Procedure Rule 60(b) and 59(e), Relief From Judgment or Order, Citing the Recent Supreme Court Ruling in Gonzalez v. Crosby No. 04-6432 (citation omitted) Decided June 23, 2005 Stating That All 60(b) Motion is Not Equivalent of a Successive Habeas Petition (Doc. #32) is **DENIED** as untimely and **DENIED** on the merits in the alternative.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of July, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
Parties of record
SA/as